Carl A. BOY, Jr. and James Boy, Doing Business as Carolina Aircraft Company, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. C-59-D-58.

United States District Court
M. D. North Carolina,
Durham Division.

Dec. 10, 1959.

Robinson O. Everett, Durham, N. C., for plaintiffs.

James E. Holshouser, U. S. Atty., Middle Dist. of North Carolina, North Wilkesboro, N. C., for defendant.

STANLEY, District Judge.

This matter is before the court on the motion of the defendant for summary judgment, pursuant to the provisions of Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A.

The material facts are not in dispute.

On October 2, 1957, the plaintiff, James Boy, in his capacity as a partner in Carolina Aircraft Company, attended an auction sale of United States Air Force surplus property at Robins Air Force Base, Georgia. Before the commencement of the sale, said plaintiff registered as a bidder, made a bid deposit in the sum of $500, and was given a paddle, for use in bidding, with the number "17" written thereon. At the time of registration, said plaintiff was furnished with a large catalog which contained the sale terms and conditions, and a description of all the property to be offered for sale.

At about the time the auction commenced, Boy recognized one Chris Stoltzfus, whom he had previously met, and

they sat together at the auction. Stoltzfus had a bidding paddle with the number "231" written thereon. When structural parts for Chase YC–122 Aircraft were offered for sale, both Boy and Stoltzfus placed bids on Item 122, this being the first of such items offered for sale. Stoltzfus was the successful bidder and the sale to him of this item was confirmed. Both parties also placed bids on Items 123 through 128, but neither bid was sufficiently high and all these items were "passed." Later during the sale, Boy and Stoltzfus had a conference with John T. Scruggs, Chief of the Marketing Branch, Robins Air Force Base, Georgia, to determine the minimum acceptable bid for the "passed" items. They were told that a bid of $750 for each item would be acceptable, whereupon Boy and Stoltzfus advised Scruggs that Boy would take Items 123, 125 and 127, and Stoltzfus would take Items 124, 126 and 128. It was understood that the official record would disclose the offer and acceptance of these bids.

Some time after Boy returned to his home at Durham, North Carolina, he had his brother and partner, Carl A. Boy, Jr., forward a cashier's check for $1,750 to the Robins Air Force Base, Georgia, in payment of the balance of the purchase price for the three items purchased.

Before the plaintiffs could arrange for delivery of said items, Stoltzfus went to the Robins Air Force Base, Georgia, for the purpose of obtaining delivery of the items he had purchased. Upon his arrival, Stoltzfus was informed that the records at the base disclosed that he had purchased Items 122 through 128 and that it would be necessary for him to pay for and accept delivery of all said items. Stoltzfus at first protested, stating that Carolina Aircraft Company was the successful bidder on Items 123, 125 and 127, but later accepted delivery of all the items. In the meantime, the plaintiffs had gone to South America and did not learn of the delivery of Items 123, 125 and 127 to Stoltzfus until after their return. They then contacted Stoltzfus at his home in Pennsylvania and arranged to obtain from him Items 123, 125 and 127 upon payment of the purchase price of $2,250 and a reasonable charge for transporting the items from Macon, Georgia, to his home in Pennsylvania.

The plaintiffs contend that they were required to expend the sum of $2,200, in addition to the purchase price of $2,250 in compensating Stoltzfus for his trouble in transporting the property from Georgia to Pennsylvania, and their expense in transporting the property back to North Carolina. They now seek recovery of this $2,200 from the defendant, alleging that the defendant breached its contract by failing to make delivery of Items 123, 125 and 127 to the plaintiffs at Robins Air Force Base, Georgia. The plaintiffs further allege that if they are not entitled to recover in contract, they are entitled to recover in tort for wrongful conversion of their property.

Prior to the commencement of this action, the Robins Air Force Base, Georgia, returned to the plaintiffs their $500 bid deposit and their $1,750 cashier's check, this being all of the funds paid or advanced by the plaintiffs to the defendant, or any of its agencies, for the purchase price of the items of surplus aircraft parts in question.

Condition No. 11 of the General Sales Terms and Conditions, copy of which was given to James Boy at the time he registered for the sale, contains the following provision:

> 11. "Limitation on Government Liability.—In any case where liability of the Government to the Purchaser has been established, the extreme measure of the Government's liability shall not, in any event, exceed refund of the purchase price or such portion thereof as the Government may have received."

Based on the foregoing facts, the defendant contends that its extreme measure of liability to the plaintiffs, whether the plaintiffs' action is founded in contract or in tort, cannot exceed a refund of the purchase price, and that, since the entire purchase price was refunded to the plaintiffs prior to the commencement

of this action, the defendant is entitled to a judgment in its favor as a matter of law. The plaintiffs, on the other hand, contend that the condition limiting the defendant's liability to a refund of the purchase price is void for lack of mutuality and unenforceable. The plaintiffs take the further position that if the contract is enforceable they are entitled to recover their alleged damage under the Federal Tort Claims Act, 28 U.S.C.A. § 2671 et seq., for wrongful conversion of their property.

The authorities seem to support the contentions of the defendant.

The plaintiffs cite many general principles of law and state court decisions in support of their contentions. However, it is clear that the validity and construction of the contract in question, and the rights and obligations of the parties, are governed by applicable federal law and not the law of the state where the sale was made. United States v. Allegheny County, 1944, 322 U.S. 174, 64 S. Ct. 908, 88 L.Ed. 1209; United States v. Jones, 9 Cir., 1949, 176 F.2d 278.

It is my opinion that this case is ruled by United States v. Weisbrod, 7 Cir., 202 F.2d 629; certiorari denied 346 U.S. 819, 74 S.Ct. 32, 98 L.Ed. 345; rehearing denied 1953, 346 U.S. 880, 74 S.Ct. 117, 98 L.Ed. 386, and cases therein cited. In upholding the validity of Government contract provisions such as the one here involved, the court in the Weisbrod case used the following pertinent language [202 F.2d 633]:

"In disposing of Surplus Property the Government is not engaged in normal trade. In disposing of property, it may attach such reasonable conditions as are necessary for the general welfare. If one does not wish to bid for Government Surplus Property with the conditions at-tached, his alternative is to make no bid.

"We conclude that appellant's claim that the contract in question lacked mutuality of obligation is without merit."

The plaintiffs contend that even conceding the Weisbrod case is authority for upholding the validity of the contract provision here in question, it would only apply to actions based on breach of contract and not tort actions for conversion. There is no merit to this contention. While it is doubtful if title to the property in question had passed to the plaintiffs so as to give rise to an action for wrongful conversion, nevertheless the defendant's liability to the plaintiffs cannot, "in any event," exceed the refund of the purchase price. This is true whether the plaintiff seeks damages in contract or in tort.

The record is not clear as to why the records at the base indicated that Stoltzfus had purchased the three items in question. Someone obviously made a mistake. However, this is not material to a determination of this controversy. Since the plaintiffs acknowledged that they received a copy of the catalog which contained the terms and conditions of the sale, including the above quoted provision limiting the Government's liability, prior to placing their bids, it follows that they had knowledge, either actual or constructive, of the wording and import of the contract, and that they must be bound thereby.

It is concluded that there is no genuine issue as to any material fact and that the defendant is entitled to a judgment as a matter of law.

Counsel for the defendant will prepare and submit to the court a judgment in conformity with this opinion.